UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 24-10717 (Bankruptcy)

**In re 3055 Hunter Rd Estate Corp.,** ***formerly known as*** **Quantum Materials Corp.,**

*Debtor.*

No. 1:26-mc-01504

**John Patrick Lowe,** ***Trustee*****,**

*Plaintiff,*

v.

**Michael Louis Minns, et al.,**

*Defendants.*

## MEMORANDUM OPINION AND ORDER

Defendant Seth Kretzer ("Kretzer") moves to withdraw the reference of the adversary proceeding against him in the above-captioned bankruptcy. The motion is granted in part and denied in part.

Debtor 3055 Hunter Rd Estate Corp. is a debtor in the Chapter 7 bankruptcy pending in U.S. Bankruptcy Court for the Western District of Texas. *In re 3055 Hunter Rd Estate Corp.*, No. 24-10717. The Trustee for Debtor, John Patrick Lowe, initiated an adversary proceeding by filing suit against Kretzer, Michael Louis Minns PLC, Michael Louis Minns, and other defendants. *Lowe v. Minns, et al.*, No. 26-01025. Kretzer moves under 28 U.S.C. § 157 to withdraw the reference of that proceeding to the Bankruptcy Court. Trustee Lowe opposes.

Section 157 of Title 28 of the United States Code provides for both mandatory and permissive withdrawal of the reference. "Withdrawal is mandatory when a claim or defense

requires material and substantial consideration of non-Bankruptcy Code federal law." *In re Pro. Fee Matters Concerning Jackson Walker L. Firm*, 671 B.R. 53, 57 (S.D. Tex. 2025). But no party here argues mandatory withdrawal. Permissive withdrawal is in the discretion of the district court "for cause shown." 28 U.S.C. § 157(d). The Fifth Circuit has instructed that, in exercising this discretion, district courts consider (1) whether the proceeding is "core," (2) whether a jury trial has been requested, and (3) general efficiency considerations, including the "goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). These factors are not exhaustive. *Pro. Fee Matters*, 671 B.R. at 58. And "[t]he party seeking withdrawal of the reference bears the burden of establishing grounds for permissive withdrawal." *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009).

Here, the first two *Holland* factors support withdrawing the reference. The first factor supports withdrawing the reference because the adversarial proceeding includes non-core claims that the Bankruptcy Court cannot finally adjudicate. 28 U.S.C. § 157(c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 494-95 (2011). A core proceeding is one that "involves a right created by the federal bankruptcy law" under Title 11 or that "would arise only in bankruptcy[.]" *Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Some of the Trustee's claims are core claims, such as turnover pursuant to 11 U.S.C. § 542. But others, such as the claims for breach of contract, unjust enrichment, and breach of fiduciary duty under state law are non-core claims. This mixture favors withdrawing the reference, especially where, as here, the non-core claims appear to predominate. *See In re Morrison*, 409 B.R. at 392 ("Though the

complaint may present both core and non-core claims, the Court finds that the core versus non-core permissive withdrawal factor favors withdrawal."). The second factor—whether a jury trial has been requested—likewise supports withdrawal because the parties have requested a jury trial and the Bankruptcy Court cannot hold a jury trial without their consent. *See In re Clay*, 35 F.3d 190, 196–97 (5th Cir. 1994).

Nevertheless, efficiency considerations override the first two factors. Many courts have recognized that efficiency generally supports keeping a matter with the Bankruptcy Court until the point of trial. *See Babin v. Crescent Drilling & Prod., Inc.*, No. CV 25-2048, 2026 WL 1091243, at *3 (E.D. La. Apr. 22, 2026) ("Multiple courts, including other sections of court in this District, have found that a motion to withdraw is premature until such time as it is determined that a jury trial must be conducted."); *see, e.g.*, *In re MMA L. Firm, PLLC*, No. 24-31596, 2025 WL 1140111, at *2 (Bankr. S.D. Tex. Mar. 24, 2025) ("[W]ithdrawal may be deferred until the bankruptcy court has ruled on all dispositive motions, to further judicial economy and expedite the bankruptcy process.").

This case is not an exception. The Bankruptcy Court is already familiar with this bankruptcy proceeding such that keeping pretrial matters with that court will most efficiently use the debtors' and creditors' resources and serve judicial economy. *See In re Royce Homes, LP*, 578 B.R. 748, 762 (Bankr. S.D. Tex. 2017) ("When a trustee administering the bankruptcy estate needs to bring quick resolution to the matters at bar, and the bankruptcy court is familiar with the parties, the factual background, and the legal issues involved, the goals of judicial efficiency and economical use of the estate's resources are best met by allowing the suit to remain in the bankruptcy court."), *report and recommendation adopted sub nom.*, *Tow v. Park Lake Cmtys., LP*, No. CV H-17-3364, 2018 WL

287861 (S.D. Tex. Jan. 4, 2018). Indeed, empowering the Bankruptcy Court "'to function much like a magistrate'" by offering findings of fact and conclusions of law for this Court's review "could considerably expedite the litigation." *In re Guynes Printing Co. of Texas, Inc.*, No. 15-cv-149-KC, 2015 WL 3824070, at *4 (W.D. Tex. June 19, 2015) (quoting *Holland*, 777 F.2d at 999) (brackets omitted).

But the Court can do more to smooth the litigation path. Courts that leave pretrial matters with the Bankruptcy Court often deny the motion to withdraw without prejudice to its renewal at the proper time. *See, e.g.*, *id.* This Court takes a different tack and grants the motion to the extent necessary to try these claims to a jury here. That approach serves judicial economy twice over: the parties litigate all pretrial issues in the Bankruptcy Court, and no renewed motion is needed if trial becomes necessary.

## Conclusion

For the reasons set forth above, the motion is GRANTED in PART. It is ORDERED that:

1. Pursuant to 28 U.S.C. § 157(d), the order of reference is withdrawn only to the extent necessary to adjudicate the above-captioned adversary proceedings in a jury trial before the United States District Court;
2. In all other regards, the standing order of reference shall remain in full force and effect, including in Bankruptcy Case No. 24-10717 and the Bankruptcy Adversary Proceeding No. 26-01025;
3. The Bankruptcy Court shall retain Bankruptcy Adversary Proceeding No. 26-01025 and preside over all pretrial proceedings and matters including but not limited to discovery matters, motions to

disqualify, motions to abate, and other pretrial matters;

4. The Bankruptcy Court shall submit proposed findings of facts and conclusions of law to this Court as applicable on dispositive motions, including motions to dismiss and motions for summary judgment, or otherwise certify the matter as trial-ready, prior to any jury trial before this Court; and

5. The Clerk of Court is hereby directed to notify the United States Bankruptcy Court for the Western District of Texas of the entry of this Order.

*So ordered by the Court on August 5, 2026.*



ANDREW DAVIS
United States District Judge